UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL ALLEN LE CLERC, SR.,

    Plaintiff,

v.     Case No. 3:22-cv-767-BJD-PDB

OTTO CAMPO and
MIKE WILLIAMS,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Daniel Allen Le Clerc, Sr., a pretrial detainee housed at the Duval County Jail, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also moves to proceed in forma pauperis. Doc. 5. He names two Defendants: Otto Campo, Chairman and CEO of Armor Correctional Health, Inc.; and Mike Williams, former Sheriff of the Jacksonville Sheriff's Office (JSO). Doc. 1 at 2. Le Clerc alleges that between May and July 2022, employees of Armor Correctional Health, Inc., the contracted medical provider for JSO, denied his requests for medical treatment and medication renewals. Id. at 12. According to Le Clerc, he has not been evaluated by a doctor and has only received medication from a nurse. Id. He asserts that because of this conduct, he has experienced stress, sleep

deprivation, and brain fog that has caused him to make mistakes in his pro se litigation. Id. As relief, Le Clerc seeks compensatory and punitive damages, as well as a court order requiring the jail to change its health care provider. Id. at 13.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under

some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Le Clerc's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Here, Le Clerc tries to hold Defendants liable based on the theory of respondeat superior, but supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only when that supervisor "personally participates in

3

the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Le Clerc does not allege that Defendants personally participated in any unconstitutional conduct, the viability of his supervisory claims depends on whether he plausibly alleges a causal connection between Defendants' actions and the alleged constitutional deprivation.

Le Clerc may establish the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinate would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Le Clerc does not allege facts establishing a causal connection. For instance, he does not allege a history of widespread abuse, nor does he allege that Defendants knew of a need to train their subordinates and failed to do so. Further, Le Clerc does not allege that his injuries stemmed from Defendants' custom or policy. Thus, Le Clerc has failed to state a claim against Defendant Williams and Defendant Campo, and the Complaint is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of August, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
C:   Daniel Allen Le Clerc, Sr., #2019021114